Ivory Joe Carter, Jr. v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-026-CR

Â Â Â Â Â IVORY JOE CARTER, JR.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the County Court at Law No. 2
McLennan County, Texas
Trial Court # 983266 CR2
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â A jury convicted appellant Ivory Joe Carter, Jr. of assault. See Tex. Pen. Code Ann. Â§
22.01 (Vernon 1994). The jury assessed Carterâs punishment at 120 daysâ confinement and no
fine. Carter has filed a motion to dismiss his appeal. In relevant portion, Rule 42.2 of the Texas
Rules of Appellate Procedure states:
(a) At any time before the appellate courtâs decision, the appellate court may dismiss the
appeal if the appellant withdraws his or her notice of appeal. The appellant and his or
her attorney must sign the written withdrawal and file it in duplicate with the appellate
clerk, who must immediately send the duplicate copy to the trial court clerk.

Tex. R. App. P. 42.2(a).
Â Â Â Â Â Â We have not issued a decision in this appeal. The motion is signed by both Carter and his
attorney. Thus, the motion meets the requirements of the rules and is granted.
Â Â Â Â Â Â Carterâs appeal is dismissed.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Dismissed on appellant's motion
Opinion delivered and filed March 31, 1999
Do not publish



height:200%'>Â 

ANALYSIS

In two issues, Parish challenges whether
summary judgment was proper on the matters of privity (issue one) and duty of
care (issue two).  Her argument does not attempt to establish either privity or
duty, but suggests that the MartinsÂ suit does not fit within the ÂmoldÂ of
either Belt v.
Oppenheimer, Blend, Harrison & Tate, Inc., 192 S.W.3d 780 (Tex. 2006), allowing the personal
representative of an estate to bring suit on the decedentÂs behalf, or Barcelo
v. Elliott, 923 S.W.2d 575Â (Tex. 1996), prohibiting suits against an
attorney in the absence of privity.Â 
See Belt, 192 S.W.3d at 784, 788-89; Barcelo, 923 S.W.2d at 578-79.Â  Thus, she essentially asks us to
craft a new rule allowing the Martins to Âbring suit in their own right without
there being privity.Â Â Wilhelm argues that Parish cannot raise this issue
because she did not file a summary judgment response.[1]

A non-movant who fails to file a summary
judgment response is limited to challenging whether the motion for summary
judgment is sufficient as a matter of law.Â  See Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 (Tex. 1979); see also Fletcher v. Edwards, 26 S.W.3d 66, 75 (Tex. App.ÂWaco 2000,
pet. denied).Â  ParishÂs
argument that the Martins may bring suit regardless of privity could be construed
as a challenge to WilhelmÂs entitlement to summary judgment as a matter of law.

However, the Texas Supreme Court has expressly held that (1) Âan attorney retained by a testator or
settlor to draft a will or trust owesÂ no professional duty of care to persons
named as beneficiaries under the will or trustÂ; and (2) a ÂlawyerÂs
professional duty [does not] extend to persons whom the lawyer never
represented.Â Â Barcelo,
923 S.W.2d at 579.Â  ParishÂs contention that Barcelo does not apply and,
therefore, the Martins should be allowed to bring suit without privity is essentially
an argument that Barcelo should be somehow changed.Â  This we cannot do. Â See
Lubbock County v.
TrammelÂs Lubbock Bail Bonds,
80 S.W.3d 580, 585 (Tex. 2002) (ÂIt
is not the function of a court of appeals to abrogate or modify established
precedentÂ; Â[t]hat
function liesÂ solely with this CourtÂ).

This case falls squarely within the
holding of Barcelo.Â  Wilhelm never represented the Martins, but was
retained by their mother, the decedent.Â  He owes no professional duty to the
beneficiaries of her insurance policy.Â  See Barcelo, 923 S.W.2d at 579.Â  Because we must follow the
well-establish precedent of Barcelo, we conclude that the Martins are
not entitled to bring suit against Wilhelm in the absence of privity. Â The
trial court properly granted summary judgment.

We, therefore, overrule ParishÂs two
issues and affirm the trial courtÂs judgment.Â  

Â 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring with note)*

Affirmed 

Opinion
delivered and filed December 17, 2008

[CV06]

Â 

*Â Â Â Â Â Â Â Â Â Â  (Chief
Justice Gray concurs in the judgment of the Court only to the extent it affirms
the trial courtÂs judgment.Â  He does not join the procedure or result of the opinion
or judgment.Â  A separate opinion will not issue.)

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â  









[1] Â Â Â Â Â Â Â Â Â Â Â Â Â  Parish did file a motion
for new trial arguing that the trial courtÂs decision was Âagainst the great
weight and preponderance of the evidenceÂ because it was based on Âobsolete and
inapplicableÂ law.

Â